```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF CONNECTICUT

GLORIA POWERS,                      :
                                    :
     Plaintiff,                     :
                                    :
     v.                             :      CASE NO.  3:18cv1604(RNC)
                                    :
COLONIAL TOYOTA, INC., also         :
known as COLONIAL MOTORS, INC.,     :
                                    :
     Defendant.                     :
```

### RULING ON PLAINTIFF'S MOTION TO COMPEL

The plaintiff, Gloria Powers, brings this employment discrimination action against Colonial Toyota, a car dealership, alleging that the defendant subjected her to a hostile work environment on the basis of sex, age, and disability and retaliated against her in violation of federal and state law.  Pending before the court is the plaintiff's motion to compel.  (Doc. #27.)  The court heard oral argument on June 13, 2019.  The motion is granted in part and denied in part as follows.

    1.   The plaintiff's Rule 34 request to inspect premises is granted.  Counsel shall meet and confer in an effort to minimize disruption to the business.

    2.   Interrogatory 6 and Production Requests 10 and 11 seek all complaints since 2012 alleging discrimination or retaliation "on the basis of any characteristic or action currently protected by Connecticut law" in which Robert Crabtree, the dealership's owner, was "involved."  The defendant objects on the grounds of

relevance because the requests are not limited to the types of discrimination the plaintiff alleges in her complaint.

To establish a hostile work environment claim, a plaintiff must provide evidence "that the complained of conduct: (1) is objectively severe or pervasive — that is, creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's [sex, age or disability]." Sotomayor v. City of New York, 862 F. Supp. 2d 226, 260-61 (E.D.N.Y. 2012) (quoting Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007)).  "It is axiomatic that to prevail on a claim of hostile work environment based on gender discrimination, the plaintiff must establish that the abuse was based on her gender." Kaytor v. Elec. Boat Corp., 609 F.3d 537, 547 (2d Cir. 2010).  See Monachino v. Bair, 769 F. Supp. 2d 431, 442 (S.D.N.Y. 2011)(An employee "must show a 'linkage or correlation' between the abusive conduct and a protected characteristic, i.e., race, national origin, sex, age or disability."), aff'd, 481 F. App'x 20 (2d Cir. 2012).

"A plaintiff need not herself be the target of discriminatory comments in order for those comments to contribute to a hostile work environment; nor does the plaintiff need to hear such comments first-hand." Varughese v. Mount Sinai Med. Ctr., No. 12 CIV. 8812, 2015 WL 1499618, at *61 (S.D.N.Y. Mar. 27, 2015), aff'd, 693 F.

2

App'x 41 (2d Cir. 2017).  "But, to rely on discriminatory comments in pursuit of a hostile work environment claim, a plaintiff must at least have been generally aware that such comments were uttered."  Id.

The plaintiff argues that the information is discoverable because the court "must evaluate whether Colonial Toyota created a hostile work environment 'by looking at all the circumstances.'" (Doc. #28 at 12) (quoting Schapp v. Town of Avon, 118 F.3d 106, 122 (2d Cir. 1997)).  She posits that "[e]vidence of all forms of discrimination that occurred during [her] tenure" is relevant to "establishing those circumstances" and cites Cruz v. Coach Stores, Inc., 202 F.3d 560 (2d Cir. 2000) in support.  In that case, the court stated:

> Because the crucial inquiry focuses on the nature of the workplace environment as a whole, a plaintiff who herself experiences discriminatory harassment need not be the target of other instances of hostility in order for those incidents to support her claim. . . . Nor must offensive remarks or behavior be directed at individuals who are members of the plaintiff's own protected class. Remarks targeting members of other minorities, for example, may contribute to the overall hostility of the working environment for a minority employee.  See Schwapp v. Town of Avon, 118 F.3d 106, 111-12 (2d Cir. 1997) (finding that harassment of other minorities was relevant to whether a black police officer experienced a racially hostile or abusive working environment).

Cruz, 202 F.3d at 570.

The requests at issue here encompass complaints of which the plaintiff was not aware as well as complaints of discrimination on the grounds of protected classes other than those alleged in her

3

complaint (such as religion, sexual orientation, race, and national origin). The plaintiff has not cited, nor has the court's research revealed, authority in this Circuit finding such information relevant. To the contrary, the plaintiff's argument was rejected in Gavenda v. Orleans Cty., No. 95-CV-0251E(SC), 2000 WL 1375590 (W.D.N.Y. Sept. 21, 2000). In that case, the plaintiff, relying on Cruz, contended that "evidence not only relating to her individual sex discrimination and retaliation claims but also evidence relating to any kind of discrimination" was relevant. The court disagreed, concluding that Cruz did not support the plaintiff's argument:

> [T]he Second Circuit Court of Appeals did not - contrary to plaintiff's apparent belief - redefine the rules of evidence or lessen the burden of proof a plaintiff carries as to her hostile work environment claims. Rather, Cruz stands for the proposition . . . that a plaintiff may support a hostile work environment claim by presenting evidence of discrimination which is related to the type (or types) of discrimination that the plaintiff is actually asserting. In this regard, Cruz breaks no new ground. See, e.g., Schwapp, at 111-112 (court stating that derogatory comments aimed at one racial group may have probative value in establishing a racially-hostile working environment for a member of a different racial group). . . . [T]o the undersigned's best knowledge, neither any circuit court of appeals nor the highest court has ever held that a plaintiff could advance a hostile work environment claim based solely on gender by submitting at trial evidence of discrimination aimed at co-workers based on race, color, religion, national origin, age or disability.

Gavenda, 2000 WL 1375590, at *5 (holding that evidence regarding "unrelated categories of alleged discrimination" was not relevant to plaintiff's claim of hostile work environment based on gender).

4

Interrogatory 6 and Production Requests 10 and 11 are granted as to the protected classes alleged by the plaintiff and denied as to others.

3. Production Requests 1 and 9 are withdrawn without prejudice.

4. Production Request 12 seeks electronic communications from Robert Crabtree, the plaintiff's supervisor, to the plaintiff from 2014 to the present. The defendant determined that there were 4000 emails. It produced a subset (206) of documents that were responsive to agreed-upon categories. The plaintiff seeks four additional categories of documents.[1] The defendant objects on the grounds of relevance, arguing that the categories are too broad.[2] In support the defendant points the court's attention to Gardner v. Cont'l Cas. Co., 3:13cv1918(JBA)(JGM), 2016 WL 155002, at *1 (D. Conn. Jan. 13, 2016). In that case, search parameters produced an unwieldy result of 38,000 documents, all of which the plaintiff sought to compel. The court held that the defendant was not obligated to turn over all 38,000 documents, denied the plaintiff's request to compel without prejudice, and ordered counsel to confer regarding the ESI approaches of "sampling and iterative refinement" and "quick peek protocol." This case does not involve the extensive ESI at issue in Gardner and in any event, the court

---

[1] During oral argument, plaintiff's counsel clarified that the plaintiff is not seeking all 4000 emails. Plaintiff has narrowed her request so she now seeks only the documents responsive to the four categories.

[2] The defendant does not object on the grounds of undue burden.

finds that the requested categories of documents seek relevant information.  Production Request 12 is granted.

5.  Production Requests 17 - 21 seek various documents from the personnel files of five employees, identified as A, B, C, D, and E.  The plaintiff alleges that four employees (A, B, C, and D) were victims of sexual harassment or discrimination and that one employee, E, harassed employees A and B.  The plaintiff seeks information concerning whether employees A - D complained of misconduct, any discipline imposed on them, and any investigation the defendant conducted regarding any complaints.  The plaintiff argues this information is relevant to show the existence of a hostile work environment and Crabtree's failure to adequately respond.  The court agrees.  As to E, the manager who allegedly harassed A and B, the requested information is relevant to challenge the defendant's defense that it acted in good faith.  Production Requests 17 – 21 are granted.

    SO ORDERED this 18th day of June 2019 at Hartford, Connecticut.

                                           _____/s/_____
                                           Donna F. Martinez
                                           United States Magistrate Judge