```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

GLORIA POWERS,                          :
                                        :
    Plaintiff,                          :
                                        :
v.                                      :       CASE NO.  3:18cv1604(RNC)
                                        :
COLONIAL TOYOTA, INC., also             :
known as COLONIAL MOTORS, INC.,         :
                                        :
    Defendant.                          :

## RULING ON PENDING MOTIONS

    The plaintiff, Gloria Powers, alleges that the defendant, Colonial Toyota, subjected her to a hostile work environment on the basis of sex, age, and disability and retaliated against her in violation of federal and state law.  Pending before the court are the defendant's motion to compel (doc. #42), the plaintiff's second motion to compel (doc. #44), and the parties' joint motion to modify the scheduling order (doc. #54).  The court heard oral argument on July 17, 2019 and rules as follows:

    1.   The defendant's motion to compel the plaintiff's medical and mental health records (doc. #42) is denied without prejudice.  During oral argument, plaintiff's counsel stated that she intends to amend the complaint so as to eliminate issues at the heart of this discovery dispute.  By no later than July 18, 2019, the plaintiff shall send defense counsel a copy of the proposed amended complaint and a statement detailing the evidence of her medical

condition and psychological state that she intends to offer at trial.

2. The plaintiff's motion to compel (doc. #44) is denied without prejudice.[1] During oral argument, defense counsel agreed to run a search using the terms set forth in the plaintiff's Production Request 2.[2] He then will review the "hits," produce relevant responsive documents, and describe to plaintiff's counsel any responsive documents that are withheld. See Fed. R. Civ. P. 34.

As to the issues raised in both motions to compel, counsel shall meet and confer in a good faith effort to resolve any remaining disputes. In the event that they are unable to reach an agreement and judicial intervention is necessary, new motions to compel may be filed by no later than August 12, 2019.

3. The parties' joint motion to modify the scheduling order (doc. #54) is granted in part and denied in part as follows. During oral argument, counsel jointly requested an extension of the discovery deadline until the end of November 2019.[3] That request is granted. All discovery shall be completed (not

---

[1]Production request 2 is the sole discovery request at issue in the plaintiff's motion. The parties represent that they have resolved production request 4.
[2]The plaintiff withdrew terms g and r and y and narrowed the time frame to January 1, 2014 through March 15, 2018.
[3]In the motion to extend, the parties requested an extension of the discovery deadline to October 31, 2019. (Doc. #54.) During oral argument, counsel revised their request.

propounded) by November 29, 2019.  Any request for a prefiling conference must be made by October 17, 2019.

    4.    Rule 16 of the District of Connecticut's local civil rules contemplates that the court will schedule a settlement conference.  <u>See</u> Local Rule 16(c).  Settlement is the most frequent disposition of civil cases.  "[C]ivil litigation rarely results in a trial.  The vast majority of cases are resolved by settlement . . . ."  <u>Cyberscan Tech., Inc. v. Sema Ltd.</u>, No. 06 CIV.526(GEL), 2006 WL 3690651, at *11 (S.D.N.Y. Dec. 13, 2006).  The compromise and settlement of lawsuits is important because it saves litigants time and money and conserves judicial resources.  The parties shall confer with their clients and one another and by August 30, 2019 shall submit to chambers a joint statement indicating when a settlement conference is most likely to be productive.

    SO ORDERED this 19th day of July, 2019 at Hartford, Connecticut.

                                          _____/s/_____
                                          Donna F. Martinez
                                          United States Magistrate Judge